**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN S. HUDNALL,

*Plaintiff - Appellant*,

v.

LELAND DUDEK, Acting
Commissioner of Social Security,

*Defendant - Appellee*.

No. 23-3727

D.C. No.
4:22-cv-02864-
DMR

OPINION

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Chief Magistrate Judge, Presiding

Argued and Submitted November 19, 2024
San Jose, California

March 7, 2025

Before: Susan P. Graber, Michelle T. Friedland, and Patrick
J. Bumatay, Circuit Judges.

Opinion by Judge Bumatay

# SUMMARY[*]

## Social Security Disability Benefits

The panel affirmed the district court's judgment affirming the denial of John Hudnall's application for disability benefits, and held that under the Social Security Administration's new regulations promulgated in 2017, Administrative Law Judges ("ALJs") are no longer required to provide germane reasons when discounting the testimony of lay witnesses.

Prior to the 2017 regulations, this court's precedent required ALJs to give germane reasons to each witness when discounting nonmedical lay testimony in Social Security proceedings. The 2017 regulations provide that ALJs are not required to articulate how they considered evidence from nonmedical sources.

The panel held that because the revised Social Security regulations covering nonmedical evidence fall within the Commissioner of Social Security's broad authority to promulgate evidentiary rules and nothing indicates that they are "arbitrary and capricious," they are the new governing law. The regulations are clearly irreconcilable with this court's precedent requiring "germane reasons" to reject lay witness testimony. Because the regulations constitute an intervening higher authority, the germane reasons precedent no longer applies to claims filed on or after March 27, 2017,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

and in considering such claims, ALJs need not explain their reasons for discounting evidence from nonmedical sources.

With this new governing framework in mind, the panel held that the ALJ did not err in discounting without explanation evidence that Hudnall's wife provided regarding his limitations.

The panel resolved all other issues in a concurrently filed memorandum disposition.

## COUNSEL

Harvey P. Sackett (argued), Sackett & Associates, San Francisco, California; Betsy R. Shepard, Dallas, Georgia; for Plaintiff-Appellant.

Shea L. Bond (argued) and Daniel P. Talbert, Special Assistant United States Attorneys; Mathew W. Pile, Associate General Counsel; Office of Program Litigation, Office of the General Counsel; Ismail J. Ramsey, United States Attorney; Social Security Administration, Baltimore, Maryland; for Defendant-Appellee.

**OPINION**

BUMATAY, Circuit Judge:

For many years, our court has had a rule for administrative law judges ("ALJs") in Social Security proceedings: "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). But in 2017, the Social Security Administration revamped its regulations. The amended regulations now undermine our "germane reason" requirement. *See* 20 C.F.R. § 404.1520c(d). Because of this regulatory change, we hold that our "germane reasons" requirement no longer applies to Social Security claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017).

**I.**

John Hudnall worked as a financial advisor for fifteen years. After losing his job, Hudnall became paranoid and accused his wife of trying to poison him. His wife took him to the hospital, where he was placed on a psychiatric hold. Hudnall's condition improved, and he was released a little over a week later. For several months after his release, Hudnall received treatment for major depressive disorder, anxiety, and insomnia. But between 2016 and 2020, Hudnall did not seek treatment for his mental health condition. In 2020, when he resumed treatment, his condition improved once again.

On March 10, 2020, shortly before he restarted treatment, Hudnall applied for disability benefits under the Social Security Act. In his application, Hudnall stated that

he had stopped working on May 1, 2015, because of his psychological condition. The Social Security Administration denied Hudnall's application and his request for reconsideration. Hudnall then sought a hearing before an ALJ.

Hudnall submitted, along with other medical evidence, a "third-party" "function report" prepared by his wife, Miyuki Sato. In the questionnaire, Sato explained that Hudnall has had severe depression since 2015 and that he has not been able to work because "he has challenges in focusing, socializing, and self care." Sato described that Hudnall has trouble staying on task, takes longer than usual to do chores, and must be reminded to shave or get a haircut. She also detailed his struggles with organizing his financial affairs and paying bills on time. But Sato also stated that Hudnall could drive, shop at the grocery store, count change, and use a checkbook.

The ALJ considered Sato's lay evidence together with the medical evidence. The ALJ accurately summarized Sato's observations about Hudnall's limitations. The ALJ noted Sato's statements related to his "alleged disability," but the ALJ emphasized that Sato reported that Hudnall could drive a car, walk 30-40 minutes daily, shop online and telephonically, and socialize with his immediate family.

Relying on the medical evidence, the ALJ found that Hudnall could perform a full range of work with several limitations and, ultimately, found him not disabled under the Social Security Act. In determining Hudnall's residual functional capacity, the ALJ relied expressly on the medical evidence and on Hudnall's self-reported activities but did not expressly articulate how she considered Sato's evidence.

Hudnall sought review of the ALJ's decision. The district court granted summary judgment for the Social Security Administration. Hudnall timely appeals that decision. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision de novo. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). In this opinion, we address only Hudnall's challenge to the ALJ's rejection of his wife's lay evidence. We resolve all other issues in a concurrently filed memorandum disposition.

## II.

### A.

Our longstanding precedent has required ALJs to give germane reasons for discounting the testimony of lay witnesses. *See Dodrill*, 12 F.3d at 919. Under that precedent, "competent lay witness testimony '*cannot* be disregarded without comment.'" *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (simplified). Although we did not require discussion of every witness "on a[n] individualized, witness-by-witness basis," to reject lay witness's testimony, the ALJ had to point to "germane reasons" for doing so. *Id.* Our "germane reasons" requirement was "in accord" with the then-existing Social Security regulations, which required the ALJ to consider testimony from a claimant's family and friends. *Id.*

But the Social Security Administration promulgated new regulations in 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017). Under the new regulations, nonmedical sources—including lay testimony from friends and family—are still considered in determining the "consistency" of "medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(c)(2); *see id.* § 404.1502(e) (defining "nonmedical source"). But the regulation provides that

ALJs "are not required to articulate how [they] considered evidence from nonmedical sources." *Id.* § 404.1520c(d). These regulations apply to claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

Given this new provision, our "germane reasons" precedent is no longer "in accord" with Social Security regulations. Although our precedent demands explanation for the rejection of each lay witness's testimony, the governing regulations now expressly allow ALJs to discount nonmedical evidence without explanation. *See Molina*, 674 F.3d at 1114 (recognizing that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision." (simplified)). Ordinarily, only an en banc court may overrule Ninth Circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc). But that is not the case when our precedent's "reasoning or theory . . . is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Woods*, 32 F.4th at 790 (simplified). And amended Social Security regulations may qualify as "intervening higher authority." *Id.*

The new Social Security regulations dealing with the treatment of nonmedical sources constitute an intervening higher authority. Under the Social Security Act, "the Commissioner has wide latitude 'to make rules and regulations and to establish procedures . . . to carry out [the statutory] provisions,' in particular regulations governing 'the nature and extent of the proofs and evidence . . . to establish the right to benefits.'" *Id.* (quoting 42 U.S.C. § 405(a)); *see also Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) (observing the Commissioner's "exceptionally broad authority" to promulgate evidentiary rules, which may be set aside only if they exceed the agency's statutory authority or

are "arbitrary and capricious"). Because the new regulations covering nonmedical evidence fall within the Commissioner's broad authority and nothing indicates that they are "arbitrary and capricious," they are the new governing law.

The revised Social Security regulations are clearly irreconcilable with our precedent requiring "germane reasons" to reject lay witness testimony. Thus, our "germane reasons" precedent no longer applies to claims filed on or after March 27, 2017, and in considering such claims, ALJs need not explain their reasons for discounting evidence from nonmedical sources, such as the claimant's friends and family.

## B.

With the new governing framework in mind, the issue here is straightforward. Hudnall's wife provided a questionnaire describing his limitations. Although the ALJ summarized her statement, Hudnall faults the ALJ for not providing reasons for rejecting the limitations she described. Hudnall argues that it was reversible error to fail to give germane reasons for rejecting this lay evidence. But because ALJs "are not required to articulate how [they] considered evidence from nonmedical sources," 20 C.F.R. § 404.1520c(d), the ALJ did not err in discounting the spousal evidence without explanation.

**AFFIRMED.**